IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KELLI FENDER,

       PLAINTIFF,

vs                                     CASE NO. 6:13-cv-00512-RAW

DILLON MUNHOLLAND and
THE CITY OF McALESTER,

       DEFENDANTS.

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW the Plaintiff, KELLI FENDER and for her cause of action against the Defendants alleges and states as follows:

### JURISDICTIONAL STATEMENT

1. The Plaintiff is a resident of Pittsburgh County, State of Oklahoma.

2. The Defendant Dillon Munholland is believed to be a resident of Pittsburg County, State of Oklahoma.

3. The Defendant City of McAlester is a municipal corporation located in Pittsburg County, State of Oklahoma.

4. That at all times alleged herein Defendant Munholland was and is a police officer employed by Defendant City of McAlester and was at all times were acting under color of state law.

5. That all actions complained of occurred in Pittsburg County which is within the jurisdiction of the United States District Court for the Eastern District of Oklahoma and venue

and jurisdiction are properly before this Court.

6.      That more specifically, Plaintiff's claim is brought pursuant to Title 42 U.S.C. § 1983 and is based on alleged violations of her rights as guaranteed by the United States Constitution and its Amendments.

7.      Plaintiff's claims is also based on violations of her rights as guaranteed by Section 30 of Article II of the Oklahoma Constitution.

## STATEMENT OF THE CASE

8.      That on or about September 13, 2013 Defendant Munholland arrested Kelli Fender for alleged misdemeanor driving violations. She was handcuffed her hands behind her back.

9.      That Defendant Munholland began walking with Ms. Fender to place her in a police car and Ms. Fender did not resist in any way.

10.     Unexpectedly and without warning Defendant Munholland forcefully placed his leg across Ms. Fender's lower body and threw her to the ground face first while her hands were cuffed behind her back. Later that evening while Ms. Fender was in the hospital awaiting surgery for her injuries Defendant Munholland described his use of force on Ms. Fender as "some kind of ninja karate move".

11.     The "ninja karate move" utilized by Defendant Munholland broke Ms. Fender's left leg. The break(s) were severe enough that surgery was required to repair the damage and metal hardware was implanted in her knee to stabilize the broken bones. Ms. Fender's injuries are permanent in nature.

12.     Ms. Fender is approximately five feet five inches tall and weighs approximately

120 pounds. At the time Ms. Fender was thrown to the ground by Defendant Munholland she was handcuffed behind her back and was being controlled by Defendant Munholland who is approximately 75-100 pounds heavier than the Plaintiff. Ms. Fender was surrounded by three police officers including Defendant Munholland. Ms. Fender was unarmed and posed no realistic danger of flight or harm to anyone.

13. That the seizure of Ms. Fender was unreasonable and the force used upon Ms. Fender by the Defendant Munholland in which he violently broke her left leg and threw her to the ground while she was handcuffed was excessive, wrongful and unconscionable.

## CAUSES OF ACTION

### I. 42 U.S.C. 1983

14. The United States Constitution guarantees the Plaintiff the right to be free from excessive and unreasonable force by police officers acting under color of law, such as Defendant Munholland.

15. The force used by Defendant Munholland on Ms. Fender by violently breaking her left leg and throwing her to the ground while she was handcuffed, constituted an unreasonable and excessive use of force in violation of her rights guaranteed by the United States Constitution including her right to be free from unreasonable seizure.

16. That Defendant Munholland acted under color of law as defined by law during the Constitutional deprivations of Ms. Fender.

17. That Ms. Fender suffered harm and that Defendant Munholland is liable to her for such damages and injuries as well as the Constitutional deprivations suffered by Ms. Fender.

18. As a result of the Constitutional deprivations suffered by Ms. Fender at the hands of Defendant Munholland, Plaintiff is entitled to recover damages from Defendant Munholland including but not limited to:

   a. Medical expenses, past, present and future

   b. Mental anguish and pain, past, present and future

   c. Emotional distress, past, present and future

   d. Physical pain and suffering, temporary and permanent

   e. Handicap and/or loss of use/function of limb(s)

   f. Future lost wages and/or lost earning capacity

   g. Deprivation of Constitutional rights

   h. Attorneys fees and costs

19. Further, Ms. Fender is entitled to an award of punitive damages for the conduct of each Defendant in an amount that will sufficiently punish the Defendants for their conduct, deter them from such future wrongful conduct and/or make them an example.

## COUNT II

## OKLAHOMA CONSTITUTION

## ARTICLE II, SECTION 30

20. The Oklahoma Constitution guarantees Plaintiff the right to be free from excessive and unreasonable seizure and/or force by police officers acting under color of law such as Defendants Buller and Anderson.

21. The force used by Defendant Munholland on Ms. Fender included violently breaking

her left leg and throwing her to the ground while she was handcuffed and constituted an unreasonable and excessive use of force in violation of her rights guaranteed by Section 30 of Article II of the Oklahoma Constitution.

22. That Defendant Munholland acted under color of law as defined by statute during the Constitutional deprivations of Ms. Fender.

23. That the City of McAlester is liable for the wrongful harm caused by its employees such as Defendant Munholland pursuant to the doctrine of respondent superior.

24. That the City of McAlester, as the employer of Defendant Munholland, are vicariously liable to the Plaintiff Ms. Fender for her damages caused by Munholland in violating her rights.

25. That Ms. Fender suffered harm and that each Defendant is liable to the Plaintiff Ms. Fender for such damage and injuries as well as the Constitutional deprivations suffered by Ms. Fender.

26. As a result of the Constitutional deprivations suffered by Ms. Fender at the hands of Defendant Munholland, Ms. Fender is entitled to recover damages from each Defendant as follows, but not limited to:

   a. Medical expenses, past, present and future

   b. Mental anguish and pain, past, present and future

   c. Emotional distress, past, present and future

   d. Physical pain and suffering, temporary and permanent

   e. Handicap and/or loss of use/function of limb(s)

   f. Future lost wages and/or lost earning capacity

    g. Deprivation of Constitutional rights

    h. Attorneys fees and costs

27. Further, Ms. Fender is entitled to an award of punitive damages for the conduct of each Defendant in an amount that will sufficiently punish the Defendants for their conduct, deter them from such future wrongful conduct and/or make them an example.

WHEREFORE, premises considered, Plaintiff prays that this Court grant her judgment in excess of $1,000,000.00 and any other relief deemed appropriate by this Honorable Court.

Respectfully Submitted,

By:   /s/ Jeremy Beaver
Jeremy Beaver, OBA #18645
GOTCHER & BEAVER
PO Box 160, 323 E. Carl Albert
McAlester, OK.  74502
(918) 423-0412
Fax (918) 423-7363
jeremy@gotcher-beaver.com
Attorney for Plaintiff

ATTORNEY LIEN CLAIMED