# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI FENDER | ) |
| | ) |
| PLAINTIFF, | ) Case No.13-CV-512-RAW |
| | ) |
| v. | ) |
| | ) |
| DILLON MUNHOLLAND and | ) |
| THE CITY OF MCALESTER | ) |
| | ) |
| DEFENDANTS. | ) |

## ANSWER OF DILLON MUNHOLLAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, Dillon Munholland, (hereinafter referred to as "Defendant Munholland") by and through his attorney of record, Scott B. Wood of the law firm of Wood, Puhl & Wood, P.L.L.C., located in Tulsa, Oklahoma, and in answer to the Complaint filed by Plaintiff, (hereinafter referred to as "Plaintiff's Complaint") states as follows:

1. Defendant Munholland admits the allegations contained in paragraphs 1, 2, 3, 4, and 5 of Plaintiff's Complaint.

2. Defendant Munholland denies any violation of a civil right of the Plaintiff occurred, as alleged in paragraph 6 of Plaintiff's Complaint. The remaining portion of paragraph 6 is a statement of law, and requires no response.

3. Defendant Munholland denies any violation of a civil right of the Plaintiff occurred, as alleged in paragraph 7 of Plaintiff's Complaint. The remaining portion of paragraph 7 is an errant statement of law, and requires no response

4. Defendant Munholland admits the allegation contained in paragraph 8 of Plaintiff's Complaint.

5. Defendant Munholland admits he was walking Plaintiff to a police car as alleged in paragraph 9 of Plaintiff's Complaint. The remaining allegations of paragraph 9 are denied.

6. Defendant Munholland admits taking Plaintiff to the ground by attempting to trip her, but denies all other allegations contained in the first sentence of paragraph 10 of Plaintiff's Complaint. Defendant Munholland admits that he joking referred to what he attempted as a "ninja karate move" as alleged in the second sentence of paragraph 10 Plaintiff's Complaint.

7. Defendant Munholland admits Plaintiff broke her leg in his encounter with her as alleged in paragraph 11 of Plaintiff's Complaint. Defendant Munholland is without sufficient information to form a belief as to the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore, denies the same.

8. Defendant Munholland is without sufficient information to form a belief as to the allegations contained in the first sentence of paragraph 12 of Plaintiff's Complaint, and therefore, denies that same. Defendant Munholland admits that Plaintiff was handcuffed and taken to the ground, but denies Plaintiff was being controlled by him at the time she was taken to the ground. Defendant Munholland is without sufficient information to form a belief as to the allegation that he is 75-100 pounds heavier than Plaintiff. The remaining allegations of paragraph 12 of Plaintiff's Complaint are denied.

9. Defendant Munholland denies Plaintiff's seizure was unreasonable as alleged in paragraph 13 of Plaintiff's Complaint.

10. Paragraph 14 of Plaintiff's Complaint is a statement of law which requires no response.

11. Defendant Munholland denies the allegations contained in paragraphs 15, 16, 17, and 18 of Plaintiff's Complaint.

12. Defendant Munholland denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

13. Defendant Munholland denies the allegations contained in paragraphs 20, 21, 22, 25, 26 and 27 of Plaintiff's Complaint.

14. Paragraphs 23 and 24 of Plaintiff's Complaint contain allegations not directed toward this answering Defendant, and therefore no response is required.

## AFFIRMATIVE DEFENSES

1. Defendant Munholland affirmatively states that Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant Munholland affirmatively states that Plaintiff has failed to comply with the provisions of the Oklahoma Governmental Tort Claims Act, and that Plaintiff's claims based on Article II, Section 30, of the Oklahoma Constitution, are therefore barred.

3. Defendant Munholland affirmatively states Plaintiff has failed to state a claim upon which relief can be granted as Non-Incarcerated Individuals have no Private Right of Action for Excessive Force Under the Oklahoma Constitution against a police officer.

4. Defendant Munholland affirmatively states that Plaintiff's claim for punitive damages based on the facts of this case is unconstitutional based on the due process

3

clause of the 14th Amendment to the United States of America.

5. Defendant Munholland affirmatively states that at all times relative to the claims made by Plaintiff, he acted solely in his official capacity as a police officer for the City of McAlester.

6. Defendant Munholland affirmatively states that his actions were objectively reasonable under the totality of the circumstances. Therefore, no constitutional violation occurred.

7. Should the Court find a constitutional violation occurred, which Defendant Munholland expressly denies, he is entitled to qualified immunity.

8. Defendant Munholland asserts that any injury or damages sustained by Plaintiff was due to her own intentional, criminal, and wrongful conduct.

9. Defendant Munholland affirmatively states that the force used against Plaintiff was constitutionally permissible.

10. Defendant Munholland affirmatively states that he had reasonable suspicion or probable cause for any and all actions taken by him, and that he acted at all times objectively reasonable and in good faith.

11. Defendant Munholland reserves the right to amend his answer and add additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered, Defendant Dillon Munholland prays for judgment in his favor and for his costs, attorney fees, and such other and further relief as this Court deems just and equitable.

JURY TRIAL DEMANDED.

Respectfully submitted,

*/s/ Scott B. Wood*
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma  74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorney for Defendant Dillon Munholland*

**CERTIFICATE OF SERVICE**

This is to certify that on January 13, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeremy Beaver

 /s/ Scott B. Wood