IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI FENDER ) | |
| ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | Case No.13-CV-512-RAW |
| ) | |
| v. ) | |
| ) | |
| DILLON MUNHOLLAND and ) | |
| THE CITY OF MCALESTER ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |

## ANSWER OF CITY OF McALESTER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, City of McAlester, (hereinafter referred to as "Defendant City") by and through its attorney of record, Scott B. Wood of the law firm of Wood, Puhl & Wood, P.L.L.C., located in Tulsa, Oklahoma, and in answer to the Complaint filed by Plaintiff, (hereinafter referred to as "Plaintiff's Complaint") states as follows:

1. Defendant City admits the allegations contained in paragraphs 1, 2, 3, 4, and 5 of Plaintiff's Complaint.

2. Defendant City denies any violation of a civil right of the Plaintiff occurred, as alleged in paragraph 6 of Plaintiff's Complaint. The remaining portion of paragraph 6 is a statement of law, and requires no response.

3. Defendant City denies any violation of a civil right of the Plaintiff occurred, as alleged in paragraph 7 of Plaintiff's Complaint. The remaining portion of paragraph 7 is an errant statement of law, and requires no response.

4. Defendant City admits the allegation contained in paragraph 8 of Plaintiff's Complaint.

5. Defendant City admits he was walking Plaintiff to a police car as alleged in paragraph 9 of Plaintiff's Complaint. The remaining allegations of paragraph 9 are denied.

6. Defendant City admits Defendant Munholland took Plaintiff to the ground by attempting to trip her, but denies all other allegations contained in the first sentence of paragraph 10 of Plaintiff's Complaint. Defendant City admits that Munholland later joking referred to what he attempted as a "ninja karate move," as alleged in the second sentence of paragraph 10 of Plaintiff's Complaint.

7. Defendant City admits Defendant Munholland broke Plaintiff's leg in his encounter with her, as alleged in paragraph 11 of Plaintiff's Complaint. Defendant City is without sufficient information to form a belief as to the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore, denies the same.

8. Defendant City is without sufficient information to form a belief as to the allegations contained in the first sentence of paragraph 12 of Plaintiff's Complaint, and therefore, denies that same. Defendant City admits that Plaintiff was handcuffed and taken to the ground, but denies Plaintiff was being controlled by him at the time she was taken to the ground. Defendant City is without sufficient information to form a belief as to the allegation that Defendant Munholland is 75-100 pounds heavier than Plaintiff. The remaining allegations of paragraph 12 of Plaintiff's Complaint are denied.

9. Defendant City denies Plaintiff's seizure was unreasonable as alleged in paragraph 13 of Plaintiff's Complaint.

10. Paragraph 14 of Plaintiff's Complaint is a statement of law which requires no response.

11. Defendant City denies the allegations contained in paragraphs 15, 16, 17, and 18 of Plaintiff's Complaint.

12. Defendant City denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

13. Defendant City denies the allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26 and 27 of Plaintiff's Complaint.

14. Paragraphs 23 and 24 of Plaintiff's Complaint contain allegations not directed toward this answering Defendant, and therefore no response is required.

**AFFIRMATIVE DEFENSES**

1. Defendant City affirmatively states that Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant City affirmatively states that Plaintiff has failed to comply with the provisions of the Oklahoma Governmental Tort Claims Act, and that Plaintiff's claims based on Article II, Section 30, of the Oklahoma Constitution, are therefore barred.

3. Defendant City affirmatively states Plaintiff has failed to state a claim upon which relief can be granted as Non-Incarcerated Individuals have no Private Right of Action for Excessive Force Under the Oklahoma Constitution against a police officer.

4. Defendant City affirmatively states that Plaintiff's claim for punitive damages based on the facts of this case is unconstitutional based on the due process clause of the

14th Amendment to the United States of America.

5. Defendant City affirmatively states that at all times relative to the claims made by Plaintiff, Defendant Munholland acted solely in his official capacity as a police officer for the City of McAlester.

6. Defendant City affirmatively states that his actions were objectively reasonable under the totality of the circumstances. Therefore, no constitutional violation occurred.

7. Should the Court find a constitutional violation occurred, which Defendant City expressly denies, Defendant Munholland is entitled to qualified immunity.

8. Defendant City asserts that any injury or damages sustained by Plaintiff was due to her own intentional, criminal, and wrongful conduct.

9. Defendant City reserves the right to amend its answer and add additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered, Defendant City of McAlester prays for judgment in its favor and for its costs, attorney fees, and such other and further relief as this Court deems just and equitable.

JURY TRIAL DEMANDED.

Respectfully submitted,

*/s/ Scott B. Wood*
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma  74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorney for Defendant City of McAlester*

4

## **CERTIFICATE OF SERVICE**

This is to certify that on January 13, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeremy Beaver

/s/ Scott B. Wood